**392**

Martin R. RICE
v.
The UNITED STATES.
No. 312–54.

United States Court of Claims.
July 12, 1955.

Burr Tracy Ansell, Washington, D. C., for plaintiff.

Heber H. Rice and Ansell & Ansell, Washington, D. C., were on the brief.

Frances L. Nunn, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues for the higher retirement pay to which, he claims, he is entitled because, once having been retired for a service-incurred disability, he was later recalled to active service and in that service incurred another disability.

The plaintiff was commissioned as a second lieutenant in the Regular Army in 1917. He served on active duty until July 3, 1922, when, having attained the rank of captain, he was retired for the physical disability of valvular disease of the heart, mitral insufficiency with hypertrophy. His retired pay was 75 percent of his active duty pay. After his retirement, he served on active duty from November 24, 1922, to September 1, 1926. Thereafter he was in his retired status until December 31, 1940, when he was recalled to active duty as a retired captain. He was promoted in the Army of the United States to major, in 1942, and to lieutenant colonel June 3, 1946. His appointment as lieutenant colonel was terminated July 16, 1946. He continued on active duty as a major until August 1, 1948, when he reverted to inactive duty on the retired list as captain. On August 12, 1948, he was advanced on the retired list to major for satisfactory service in that grade during World War II, as provided by section 203(a) of the Act of June 29, 1948, 62 Stat. 1081, 1085, 10 U.S.C.A. § 1002.

On July 2, 1948, shortly before his reversion to inactive duty, the plaintiff appeared before a disposition board. The board found that the plaintiff, while serving on active duty after December 31, 1940, had incurred an infarction of the myocardium[1] in line of duty, but that such disability was not incapacitating. The plaintiff was not ordered before a retiring board because the Adjutant General believed that, in view of his impending promotion to major on the retired list, his appearance before a board would serve no useful purpose. The Adjutant General apparently thought that the plaintiff's retired pay as a major would be the same under his promotion for satisfactory service as it would be if he were found to have incurred a disability during that service.

On April 21, 1952, the plaintiff applied to the Army Board for Correction of Military Records requesting that his records be changed to show his promotion to major on the retired list effective August 1, 1948, pursuant to section 4 of the Act of June 29, 1943, 57 Stat. 249, 10 U.S.C.A. § 985c, by reason of having incurred additional physical disability while serving as a major during the period of his active duty from 1940 to 1948. On September 16, 1943, the board found that the plaintiff had incurred additional physical disability, arteriosclerotic heart disease manifested by an abnormal electrocardiogram suggestive, but not characteristic, of a myocardial infarction, not less than 30 percent permanent, while serving on active duty from 1940 to 1948. It also found that the valvular heart disease, for which the plaintiff had been retired in 1922, was not present during his 1940–1948 period of active duty.

The board found that the plaintiff's situation satisfied the requisites of section 4 of the Act of June 29, 1943; that he should have reverted to inactive duty in 1948 with simultaneous advancement to major under section 4. The board recommended that the plaintiff's records be corrected accordingly and that he be paid all the money found to be due him as a result of the recommended correction.

Section 4 of the Act of June 29, 1943, said:

"Sec. 4. Any officer of the Regular Army on the retired list who shall have been placed thereon by reason of physical disability shall, if he incurs additional physical disability while serving under a temporary appointment in a higher grade, be promoted on the retired list to such higher grade and receive retired pay computed as otherwise provided by law for officers of such higher grade: *Provided*, That the Secretary of War, or such person or persons as he may designate, shall find that the additional physical disability is incident to service while on active duty in the higher grade and not less than 30 per centum permanent."

By other applicable legislation, which we shall not discuss, if the plaintiff was entitled to the benefits of section 4, he could count, for ascertaining the amount of his retired pay, all of the more than 30 years during which he had held a commission, and not just the 15 years plus of his active service.

The office of the Secretary of the Army returned the proceedings of the Correction Board for further consideration by the board, saying:

"The question whether applicant is entitled to retirement under [section 4, Act of June 29, 1943] because of an "additional disability" is a legal question, and the point here raised has not been decided by the Court of Claims. If the question be a legal one and there be doubt about the answer, applicant should have recourse to the legal courts."

1. A coronary thrombosis or occlusion. Cecil and Loeb, Textbook of Medicine (8th ed), 1135.

The Correction Board then reaffirmed its factual findings and said:

" * * * in equity both to the applicant and the Government the question presented should be resolved by adhering to what it believes to have been the intent of Congress in requiring an additional disability, in fact, to have been found to exist, to qualify under the provisions of [section 4, Act of June 29, 1943]. That it does not find the disability present in 1948 at the time of applicant's reversion to the retired list to have been an additional disability within the meaning of [section 4, Act of June 29, 1943]."

The board recommended that the plaintiff's application be denied. General McNeil, of the office of the Secretary of the Army, who had handled the proceedings in that office up to that time, forwarded the record of the board's proceedings to the Secretary with the observation that the plaintiff "will undoubtedly sue in the Court of Claims and that is the proper forum for a decision of a question of law." The Secretary approved the findings, conclusions, and recommendations of the board, and denied the plaintiff's application for the correction of his records.

Our question is whether the plaintiff, being at the time of his recall to active duty on December 31, 1940, on the retired list and receiving retired pay because he had been found, in 1922, to have had a disabling valvular disease of the heart, which disease was no longer present on December 31, 1940, incurred an *additional* physical disability, within the meaning of the statute, when he was struck with a wholly different heart disease thereafter.

Applying the word "additional" literally to the instant facts, it may be said that the plaintiff's second disability was not additional. But we do not think that Congress showed any intention to use the word so literally. One in the plaintiff's position was, legally, disabled, since he was drawing retired pay on that assumption. There seems not to have been,

at the time, any direct provision for reopening the case of one who had been retired for disability, and taking away his retired pay. While there might have been some justification for such an indirect reopening of such cases when officers were recalled to active service, we find no hint that Congress intended to do so. Such cases were, no doubt, rare, and the possibility of their occurrence was not called to the attention of Congress.

Congress, in section 8(c) of the Act of July 24, 1941, 55 Stat. 603, 604, had made provision for officers of the Navy and Marine Corps, who, having been retired for disability, re-entered active service and incurred disability. In that section the word "additional" does not appear. The Committees on Military Affairs of both the Senate and the House, in reporting the bill, S. 219, which became the Act of June 29, 1943, said that similar legislation was already applicable to the Navy and Marine Corps. Senate Report No. 4, 78th Cong., 1st. Sess.; House Report No. 529, id. Chairman Walsh of the Committee on Naval Affairs of the Senate, said during the debate, Cong.Rec. Feb. 15, 1943, p. 959:

"If I understand the bill, it makes the law now applicable to similar officers of the Navy applicable to officers of the Army."

Chairman Reynolds of the Committee on Military Affairs responded:

"That is quite true."

A similar statement and response took place between the chairmen of the two interested committees in the House. Cong.Rec.June 21, 1943, p. 6274.

We think the word "additional", in its context and in the circumstances means "another". If it meant more than that to Congress, the 1943 Act created a serious, though only rarely applicable, discrimination against the Army, in relation to the Navy and the Marine Corps. We think that no such discrimination was intended, and that the word in question does not have so fixed a meaning that we are disabled from interpreting it according to the intent of Congress.

The Government's motion for a summary judgment is denied, and the plaintiff's similar motion is granted. Entry of judgment is suspended pending the receipt of a report from the General Accounting Office showing the amount due the plaintiff.

It is so ordered.

JONES, C. J. and LARAMORE, WHITAKER and LITTLETON, JJ., concur.